TRACY L. WILKISON
Attorney for the United States,
Acting Pursuant to 28 U.S.C. § 515
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
411 W. Fourth Street
Suite 8000
Santa Ana, California 92701
Telephone:  (714) 338-3597
Facsimile:  (714) 338-3708
E-Mail:     rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BRETT MICHAEL KAPLAN,<br><br>  Defendant. | Case No. SA CR 17-133-JVS<br><br>PLEA AGREEMENT FOR DEFENDANT BRETT MICHAEL KAPLAN<br><br>[18 U.S.C. § 1344]<br>[18 U.S.C. § 1028A(a)(1)] |

1.   This constitutes the plea agreement between BRETT MICHAEL KAPLAN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This Agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

1

**Date: April 26, 2018 v.1**

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

(a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts ONE through THIRTEEN of the fourteen-count Indictment in <u>United States v. Brett Michael Kaplan</u>, SA CR 17-133-JVS, namely, (i) twelve counts of Bank Fraud, in violation of 18 U.S.C. § 1344; and (ii) one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

(b) Not contest facts agreed to in this Agreement.

(c) Abide by all agreements regarding sentencing contained in this Agreement.

(d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

(e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this Agreement.

(f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

(g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

(h) Agree to, and not oppose, the imposition of the following condition of probation or supervised release:

> Defendant shall submit his person and property, including any residence, premises, vehicle, container, papers, effects, and computers or

2

**Date: April 26, 2018 v.1**

        other electronic communication or digital storage devices or media under his control, to search and seizure at any time of the day or night by any law enforcement officer or probation officer, with or without a warrant, probable cause, or reasonable suspicion.

**USAO'S OBLIGATIONS**

3.  The USAO agrees to:

    (a)  Not contest facts agreed to in this Agreement.

    (b)  Abide by all agreements regarding sentencing contained in this Agreement.

    (c)  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

    (d)  Recommend that defendant be sentenced on Counts ONE through THIRTEEN to a total term of imprisonment of 32-months' imprisonment, that is, eight months' imprisonment on Counts ONE through TWELVE, followed by the mandatory minimum consecutive sentence of two-years' imprisonment on Count THIRTEEN.  The recommendation of eight months' imprisonment on the Bank Fraud counts is below the expected advisory range under the Sentencing Guidelines, but the recommendation is intended to reflect credit for time served by defendant regarding related offenses (Cal. Pen. Code §§ 530.5, 484E(a), and 484E(d)) not charged in this case, for which he received a sentence of 16 months' jail in <u>People v. Brett Michael Kaplan</u>, Los Angeles Sup. Ct. (Pomona), Case No. POMKA11095401.

**Date: April 26, 2018 v.1**

(e) At or before the time of the sentencing hearing, move to dismiss Count FOURTEEN of the Indictment. Defendant agrees, however, that in connection with defendant's sentencing, the government may refer to, and the Court may consider, the dismissed count of the Indictment in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSES

4. Defendant understands that for defendant to be guilty of the crimes charged in Counts ONE through TWELVE of the Indictment, that is, Bank Fraud, in violation of Title 18, United States Code, Section 1344, the following must be true: (1) defendant knowingly devised or knowingly participated in a scheme to defraud a financial institution; (2) statements made or facts omitted as part of the scheme were material; (3) defendant acted with the intent to defraud, i.e., an intent to deceive or cheat; and (4) the financial institution was federally insured.

5. Defendant understands that for defendant to be guilty of the crime charged in Count THIRTEEN of the Indictment, that is, Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a), the following must be true: (1) defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person (i.e., an ATM Personal Identification Number ("PIN")); (2) defendant knew that the means of identification belonged to a real person; and (3) defendant did so during and in relation to a felony violation of one of the offenses

Date: April 26, 2018 v.1

enumerated in § 1028A(c), which include bank fraud, namely, the Bank Fraud offense charged in Count TWO of the Indictment.

### PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1344, as charged in Counts ONE through TWELVE of the Indictment, is as follows: 30 years' imprisonment; a 3-year term of supervised release; a fine of $1,000,000; and a mandatory special assessment of $100.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1028A(a)(1), as charged in Count THIRTEEN of the Indictment, is as follows: 2 years' imprisonment; a 3-year term of supervised release; a fine of $250,000; and a mandatory special assessment of $100.  Therefore, the total maximum sentence that the Court could impose on the counts to which defendant is agreeing to plead guilty is as follows: 362 years' imprisonment; a 3-year term of supervised release; a $12,250,000 fine; and a $1,200 mandatory special assessment.

7.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A(a)(1), as charged in Count THIRTEEN of the Indictment, is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment imposed on defendant under any other provision of law, including the term of imprisonment imposed on Counts ONE through TWELVE.

8.   Defendant understands that defendant will be required to pay full restitution to the victim of the offenses to which defendant is pleading guilty, namely, Bank of America, which

5

**Date: April 26, 2018 v.1**

suffered the financial loss on all of defendant's fraudulent transactions since the bank reimbursed its customers for the fraudulent withdrawals made from their Bank of America accounts. Defendant agrees that, in return for the USAO's compliance with its obligations under this Agreement, the Court may order restitution in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this Agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.  The parties currently believe that the applicable amount of restitution is approximately $31,460, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

    9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

    10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic

6

rights, such as the right to vote, the right to possess a firearm and ammunition, the right to hold office, and the right to serve on a jury.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including, but not limited to, revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: (a) removal, also known as deportation, which may, under some circumstances, be mandatory; (b) denial of citizenship; and (c) denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of a felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

**FACTUAL BASIS**

12. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree that the following statement of facts is accurate and sufficient to support the guilty pleas to the charges described in this Agreement and to establish the Sentencing Guidelines factors set forth below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

      a.   Beginning on or about July 7, 2015 and continuing to on or about January 24, 2016, in Orange and Los Angeles Counties, and elsewhere within the Central District of California, defendant KAPLAN, knowingly and with intent to defraud, executed a scheme to defraud and obtain money from Bank of America, a federally insured financial institution, by means of material false and fraudulent pretenses and representations and the concealment of material facts.

      b.   With knowledge of a unique programming feature of Bank of America's Automated Teller Machines ("ATMs"), which the bank has since corrected, defendant loitered around Bank of America ATMs at various bank branches throughout Southern California. While doing so, defendant secretly watched as bank customers conducted transactions at the ATMs using their Bank of America ATM cards.  After misappropriating the ATM PIN of an unwitting bank customer, defendant would then wait for the customer to complete their transaction and walk away from the ATM.  If the customer failed to hit a digital button that completely terminated all ATM access to the customer's account, defendant would access the customer's bank account, without authorization, by immediately going to the ATM, hitting a button that requested another transaction, and then re-entering the stolen PIN.  Defendant thereby falsely pretended and represented himself to be the actual bank customer

`Date: April 26, 2018 v.1`

who was entitled to withdraw money from the bank account associated with the customer's ATM card and PIN. These false pretenses and representations were material to Bank of America. After fraudulently gaining access to the customer's account, defendant would then execute, and attempt to execute, multiple fraudulent and unauthorized withdrawals of cash from the customer's Bank of America account.

c. By the above-described actions, defendant made fraudulent and unauthorized cash withdrawals from over 69 separate customer accounts and thereby stole from Bank of America at least $31,460, to which he was not entitled. Among other transactions, defendant knowingly, and with intent to defraud, executed the following fraudulent ATM cash withdrawals using misappropriated PIN codes on the following dates:

1. 07/07/2015 –– $600 unauthorized cash withdrawal from the account of Bank of America customer H.H. via a bank ATM in Garden Grove, CA.
2. 07/08/2015 –– $820 unauthorized cash withdrawal from the account of Bank of America customer A.Q.N. via a bank ATM in Garden Grove, CA.
3. 07/12/2015 –– $500 unauthorized cash withdrawal from the account of Bank of America customer F.R. via a bank ATM in Garden Grove, CA.
4. 08/28/2015 –– $300 unauthorized cash withdrawal from the account of Bank of America customer M.D. via a bank ATM in Garden Grove, CA.

9

`Date: April 26, 2018 v.1`

5. 10/02/2015 — $300 unauthorized cash withdrawal from the account of Bank of America customer Q.C.H. via a bank ATM in Garden Grove, CA.

6. 10/02/2015 — $900 unauthorized cash withdrawal from the account of Bank of America customer B.L.S. via a bank ATM in Garden Grove, CA.

7. 10/04/2015 — $300 unauthorized cash withdrawal from the account of Bank of America customer J.L.F. via a bank ATM in Garden Grove, CA.

8. 10/04/2015 — $300 unauthorized cash withdrawal from the account of Bank of America customer O.K.L. via a bank ATM in Garden Grove, CA.

9. 10/14/2015 — $200 unauthorized cash withdrawal from the account of Bank of America customer E.C.K. via a bank ATM in Garden Grove, CA.

10. 10/23/2015 — $360 unauthorized cash withdrawal from the account of Bank of America customer J.E.M. via a bank ATM in Los Alamitos, CA.

11. 11/11/2015 — $600 unauthorized cash withdrawal from the account of Bank of America customer W.B.S. via a bank ATM in Huntington Beach, CA. (As to this offense, defendant commandeered the elderly victim's ATM before she finished using it and used her PIN to withdraw money from her account while she was within arms' reach.)

12. 01/14/2016 — $400 unauthorized cash withdrawal from the account of Bank of America customer B.B.H. via a bank ATM in Monterey Park, CA.

      d.  As to Count TWO specifically, defendant admits that, during and in relation to the above-referenced, fraudulent cash withdrawal of $820 on July 8, 2015, he knowingly misappropriated and then possessed and used, without lawful authority, a means of identification that defendant knew belonged to another person, namely, victim-customer A.Q.N.'s ATM PIN code, for purposes of executing the fraudulent cash withdrawal.

### SENTENCING FACTORS

13. In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

**Base Offense Level:**     7     USSG § 2B1.1(a)(1)

**Offense Characteristics**

Loss exceeded $15,000:     +4     USSG § 2B1.1(b)(1)(C)

Date: April 26, 2018 v.1

```
     Offense involved theft
     from the person or arms'
     reach of another (Victim
     W.B.S. in Count ELEVEN):     +2     USSG § 2B1.1(b)(3)
```

**Adjustments**

```
     Acceptance of
     Responsibility
     (Conditionally):             -2     USSG § 3E1.1(a) (provided
                                         defendant demonstrates
                                         acceptance through sentencing)
```

As to Count ONE through TWELVE, defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that the Court must sentence defendant to a term of two-years' imprisonment on Count THIRTEEN, which, pursuant to 18 U.S.C. § 1028A(b)(2), must run consecutively to any term of imprisonment imposed on Counts ONE through TWELVE.

  15. The parties have no agreement as to defendant's criminal history or Criminal History Category.

  16. Subject to the mandatory minimum sentence on Count THIRTEEN, defendant reserves the right to argue for a sentence below the advisory sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a). Likewise, and because the Court is not bound to accept its sentencing recommendation, the USAO reserves, without limitation, the right to make any and all arguments in support of the sentencing recommendation it has promised to make in Paragraph 3(d) hereof, including the citation of aggravating facts and regardless whether those facts are then known to the Court. The USAO also reserves the right to make any and all arguments in opposition to a defense

12

`Date: April 26, 2018 v.1`

request for, or Probation Office recommendation of, any sentence below the USAO's sentencing recommendation. Defendant agrees that no such arguments by the USAO may be deemed contrary to the USAO's promised sentencing recommendation or otherwise constitute a breach, express or tacit, of Paragraph 3(d) or any other part of this Agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that, by pleading guilty, defendant gives up the following rights:

(a) The right to persist in a plea of not guilty.

(b) The right to a speedy and public trial by jury.

(c) The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. (Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.)

(d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

(e) The right to confront and cross-examine witnesses against defendant.

(f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

(g) The right not to be compelled to testify, and, if defendant chose not to testify or present

13

>>      evidence, to have that choice not be used against
>>      defendant.
> (h) Any and all rights to pursue any affirmative
>>      defenses, Fourth Amendment or Fifth Amendment
>>      claims, and other pretrial motions that have been
>>      filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## WAIVERS OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

19.  Defendant agrees that, provided the Court, before imposition of the mandatory consecutive sentence of two-years' imprisonment on Count THIRTEEN, imposes a total term of imprisonment on Counts ONE through TWELVE that is within or below the Guidelines range corresponding to Total Offense Level __11__ and the Criminal History Category calculated by the Court, defendant gives up the right to appeal all of the following: defendant waives and gives up the right to appeal the following: (a) the total term of imprisonment imposed by the Court; and (b) the procedures and calculations used by the Court to determine and impose the term of imprisonment.  Defendant also waives and gives up the right to appeal all of the following other portions of the sentence: (a) the amount and terms of any restitution order, provided it requires payment of no more than $31,460; (b) the fine imposed by the Court, provided it is within the statutory maximum; (c) the term of

14

**Date: April 26, 2018 v.1**

probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (d) any of the following conditions of probation or supervised release imposed by the Court: (i) the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; (ii) the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); (iii) the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); (iv) the condition agreed to by defendant in Paragraph 2(h) hereof; and (v) any other condition to which defendant does not object at or before sentencing.

20. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering the guilty pleas pursuant to this Agreement, defendant seeks to withdraw and succeeds in withdrawing one or both of defendant's guilty pleas on any basis other than a claim and finding that the plea was involuntary, then the USAO will be relieved of all of its obligations under this Agreement.

### BREACH OF AGREEMENT

22. If defendant, at any time after the Effective Date of this Agreement, knowingly violates or fails to perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare

15

**Date: April 26, 2018 v.1**

this Agreement breached. All of defendant's obligations are material; a single breach of this Agreement is sufficient for the USAO to declare a breach; and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered the guilty pleas pursuant to this Agreement, defendant will not be able to withdraw the guilty pleas; and (b) the USAO will be relieved of all its obligations under this Agreement.

## COURT AND PROBATION OFFICE NOT PARTIES

23. The Court and the United States Probation Office are not parties to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this Agreement. Defendant understands that no one — not the prosecutor, defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

25. Notwithstanding any other provision of this Agreement, defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court; (b) correct any and all factual misstatements

16

relating to the Court's Sentencing Guidelines calculations and determination of sentence; and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error and, if erroneous, should otherwise be affirmed on any basis permitted by law, although each party agrees to maintain its view that the Factual Basis set forth in Paragraph 12 is consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this Agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this Agreement.

**NO ADDITIONAL AGREEMENTS**

26. Except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney. No additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in Court.

**EFFECTIVE DATE OF AGREEMENT**

27. This Agreement is effective upon signature and execution of the Agreement and the attached certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

/ /
/ /
/ /
/ /
/ /

17

Date: April 26, 2018 v.1

**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

28. This Agreement shall be considered part of the record of defendant's change of plea hearing as if read fully into the record.

AGREED AND ACCEPTED:

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

TRACY L. WILKISON
Attorney for the United States,
Acting Pursuant to 28 U.S.C. § 515

_____      May 1, 2018
ROBERT J. KEENAN                     Date
Assistant United States Attorney

_____      5/1/18
BRETT MICHAEL KAPLAN                 Date
Defendant

_____      5/1/18
H. DEAN STEWARD                      Date
Attorney for Defendant

18

Date: April 26, 2018 v.1

## CERTIFICATION OF DEFENDANT

I have read this Agreement in its entirety. I have had enough time to review and consider this Agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms.

I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     5/1/2018
BRETT MICHAEL KAPLAN                  Date
Defendant

Date: April 26, 2018 v.1

**CERTIFICATION OF DEFENDANT'S ATTORNEY**

I am BRETT MICHAEL KAPLAN's attorney. I have carefully and thoroughly discussed every part of this Agreement with my client.

I have fully advised my client of his rights, of possible pre-trial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this Agreement; no one has threatened or forced my client in any way to enter into this Agreement; my client's decision to enter into this Agreement is an informed and voluntary one; and the factual basis set forth in this Agreement is sufficient to support my client's entry of guilty pleas pursuant to this Agreement.

_____   5/1/18
H. DEAN STEWARD                   Date
Attorney for Defendant

20

Date: April 26, 2018 v.1